UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :

   - v. -       :  **INDICTMENT**

DINESH DAYABHAI SHAH,          :  **07CRIM. 357**
NILESH RAJANIKANT SHAH, and
IQBAL MIRZA,                   :

   Defendants.       :

          :
- - - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Commit Health Care Fraud)

The Grand Jury charges:

### Relevant Individuals and Entities

1. At all times relevant to this Indictment, MLK Pharmacy was a pharmacy located at 568 West 125th Street, New York, New York, and was enrolled in the New York State Medicaid Program as a service provider.

2. The Medicaid Program is a federal and state funded program that serves needy individuals and families who meet specified financial and other eligibility requirements, and certain other individuals who lack adequate resources to pay for medical care. The Medicaid Program provides payment for medical services and products ranging from routine preventive medical care for children to institutional care for the elderly and disabled. Among the specific medical services and products

covered by the Medicaid program are prescription drugs.

3. At all times relevant to this Indictment, DINESH DAYABHAI SHAH, the defendant, was the owner of MLK Pharmacy and a New York State licensed pharmacist.

4. At certain times relevant to this Indictment, NILESH RAJANIKANT SHAH, the defendant, DINESH DAYABHAI SHAH's nephew, worked as a pharmacy technician at MLK Pharmacy.

5. At certain times relevant to this Indictment, IQBAL MIRZA, the defendant, worked as a pharmacy technician at MLK Pharmacy.

### The Fraudulent Scheme

6. As a Medicaid enrolled pharmacy, MLK Pharmacy purportedly dispensed prescription drugs to Medicaid beneficiaries, submitted claims to the Medicaid Program for reimbursement for those drugs, and received payments from the Medicaid Program.

7. Between in or about June 2002 and in or about February 2007, DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, and others known and unknown, engaged in a scheme to defraud the Medicaid Program of approximately $2.1 million by fraudulently obtaining reimbursements from the Medicaid Program for prescription drugs which were not in fact dispensed to Medicaid beneficiaries.

8. While operating and working at MLK Pharmacy,

DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, and others known and unknown, illegally purchased drug prescriptions from Medicaid beneficiaries in exchange for cash payments and/or other goods. The cash payments made by the co-conspirators to the Medicaid beneficiaries were a fraction of the total reimbursement value of the prescription that the Medicaid Program would pay to MLK Pharmacy.

    9.  After illegally buying prescriptions, DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, and others known and unknown, submitted reimbursement claims to the Medicaid Program in which they falsely represented that the prescription drugs had been dispensed and requested reimbursement for the full value of those prescriptions drugs.

    10. Through this scheme, the defendants obtained the full value of the Medicaid reimbursement for the drug prescriptions, pocketing the difference between the Medicaid reimbursement and the amounts they paid to buy the prescriptions from the beneficiaries.

### Statutory Allegation

    11. From in or about June 2002 through in or about February 2007, in the Southern District of New York and elsewhere, DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, and others known and unknown, unlawfully, knowingly, and wilfully combined, conspired,

confederated and agreed together and with each other to violate the laws of the United States, named to commit health care fraud, in violation of Title 18, United States Code, Section 1347.

### Object of the Conspiracy

12. It was a part and an object of the conspiracy that DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly, would and did cause to be executed a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and in the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

### The Means And Methods Of The Conspiracy

13. Among the means and methods by which DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, and others known and unknown, would and did carry out the conspiracy were the following:

    a. Medicaid beneficiaries presented prescriptions to MLK Pharmacy in exchange for cash and/or merchandise instead of the prescribed medications; and

4

      b.    The defendants submitted and caused to be submitted claims to the Medicaid Program for reimbursement for the prescription drugs which had purportedly been provided to the beneficiaries, but in truth had never been dispensed to the Medicaid beneficiaries.

### Overt Acts

14.  In furtherance of the conspiracy and to effect the object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

      a.    On or about October 28, 2006, NILESH RAJANIKANT SHAH, the defendant, while in New York, New York, provided approximately $90 in cash to an undercover New York City Police Department officer (the "UC") posing as a Medicaid beneficiary in exchange for two drug prescriptions;

      b.    On or about November 8, 2006, NILESH RAJANIKANT SHAH, the defendant, while in New York, New York, provided approximately $60 in cash to the UC in exchange for a drug prescription;

      c.    On or about December 16, 2006, DINESH DAYABHAI SHAH, the defendant, while in New

        York, New York, provided approximately $90 in cash to the UC in exchange for two drug prescriptions; and

    d.    In or about 2006, IQBAL MIRZA, the defendant, on multiple occasions purchased prescriptions from Medicaid beneficiaries.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

(Health Care Fraud)

The Grand Jury further charges:

15.    The allegations contained in Paragraphs 1 through 10, and 13 and 14 are repeated and realleged as if set forth fully herein.

16.    From in or about June 2002 through in or about February 2007, DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly, executed and attempted to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and in the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit, the defendants on multiple occasions submitted and caused to be

6

submitted to the Medicaid Program false claims for payment for prescription drugs which were not dispensed.

(Title 18, United States Codes, Sections 1347 and 2.)

## FORFEITURE ALLEGATION

17. As a result of committing one or more of the Federal health care fraud offenses, as alleged in Counts One and Two of this Indictment, in violation of Title 18, United States Code, Sections 1349 and 1347, DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

    a. At least $2.1 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged offenses, for which the defendants are jointly and severally liable, including but not limited to:

    (i) All Funds Formerly on Deposit at Citibank, Account Number 3990281, in the Name of MLK Pharmacy, Inc.

($160,506.05);

(ii) All Funds Formerly on Deposit at Citibank, Account Number 51121881, in the Name of Dinesh Shah ($14,534.31);

(iii) All Funds Formerly on Deposit at Citibank, Account Number 408049, in the Name of Pratibha Shah ($84,267.29);

(iv) All Funds Formerly on Deposit at Citibank, Account Number 81515427, in the Name of Pratibha Shah ($262,458.79);

(v) All Funds Formerly on Deposit at Citibank, Account Number 81515507, in the Name of Pratibha Shah ($60,329.86);

(vi) All Funds Formerly on Deposit at AXA Equitable, Account Number 87097074, in the Name of Dinesh Shah ($82,013.98);

(vii) All Funds Formerly on Deposit at AXA Equitable, Account Number 104002576, in the Name of Dinesh Shah ($9,244.00);

(viii) All Funds Formerly on Deposit at AXA Equitable, Account Number 305635339, in the Name of Dinesh Shah ($105,636.42);

(ix) All Funds Formerly on Deposit at AXA Equitable, Account Number 305636606, in

the Name of Pratibha Shah ($70,498.37);

(x) All Funds Formerly on Deposit at American Funds, as Holder of AXA Equitable, Account Number 135720116Z02, in the Name of Pratibha Shah ($150,249.27);

(xi) All Funds Formerly on Deposit at AllianceBernstein, as Holder of AXA Equitable, Account Number 135720116Z01, in the Name of Dinesh Shah ($96,258.73);

(xii) All Funds Formerly on Deposit at Pershing, LLC, as Holder of AXA Equitable, Account Number AM64C034945, in the Name of Pratibha Shah ($77,964.81);

(xiii) All Funds Seized from the Residence of Dinesh Shah on or about March 1, 2007 ($17,368.00);

(xiv) All Funds Seized from Deposit Box at the Business Location of MLK Pharmacy ($29,980.00);

(xv) All Funds on Deposit at AXA Equitable Account Number 64W072562, Held in the Name of MLK Pharmacy($576,254.29);

>    (xvi) One 2006 Honda Accord 2006, Bearing Vehicle Identification Number 1hgcm66516a004909, Registered to Dinesh Shah; and
>
>    (xvii) Any and all right, title, and interest in the real property and appurtenances known as 34 Woodbury Drive, Woodbury, New York.

### Substitute Asset Provision

18.  If any of the forfeitable property described in paragraph 17, above, as a result of any act or omission of the defendants:

>    a.  cannot be located upon the exercise of due diligence;
>    b.  has been transferred or sold to, or deposited with, a third person;
>    c.  has been placed beyond the jurisdiction of the Court;
>    d.  has been substantially diminished in value; or
>    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

10

United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982(a)(7), 1347, 1349.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

11

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### DINESH DAYABHAI SHAH, NILESH RAJANIKANT SHAH, and IQBAL MIRZA, ,

Defendant.

### INDICTMENT

07 CR ____

(Title 18, United States Code, Sections 1349, 1347 & 2.)

Michael J. Garcia
United States Attorney.

**A TRUE BILL**

_____
Foreperson.